UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NMT MEDICAL, INC.,

        Plaintiff

v.

      v.

AGA MEDICAL CORPORATION,

      Defendant.

Civil Action No. 04-CV-12565-NG

**JURY TRIAL DEMANDED**

## ANSWER TO AGA'S COMPLAINT FOR DECLARATORY RELIEF

AGA Medical Corp. ("AGA") filed a Complaint against Nitinol Medical Industries Inc. ("NMT") and Dr. Lloyd A. Marks (collectively "Defendants") in Civil Action No. 04-4486 in the U.S. District Court for the District of Minnesota. That action was transferred to this Court and given Civil Action No. 05-cv-11804. That action has now been transferred to Judge Gertner. NMT and Dr. Marks answer the specific numbered paragraphs in AGA's Complaint originally filed in Civil Action No. 04-4486 in the U.S. District Court for the District of Minnesota as follows:

PARTIES

1.      Admitted.

2.      Denied. NMT is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Boston, Massachusetts.

3.      Admitted.

JURISDICTION

4.      Defendants admit that AGA's Complaint recites a claim for declaratory judgment of patent invalidity and non-infringement but deny that this claim has any merit.

5.      Denied.

6.    Denied.  NMT admits that the District of Massachusetts has personal jurisdiction over NMT.

VENUE

7.    Defendants deny that a substantial part of the events or omissions that AGA claims give rise to its alleged cause of action occurred in the District of Minnesota.

8.    Defendants deny that venue was proper in the District of Minnesota.

COUNT I:  INVALIDITY AND NON-INFRINGEMENT OF PATENT

9.    Defendants restate Paragraphs 1-8 of their Answer.

10.    Defendants admit that Dr. Marks is the owner of U.S. Patent No. 5,108,420, issued on April 28, 1992 ("the '420 Patent").  NMT further admits that it owns an exclusive license under the '420 Patent.

11.    Denied.

12.    Admitted.

13.    Admitted.

14.    Defendants admit that, on February 5, 2003, during the reexamination of the '420 Patent, the Patent Office Examiner rejected the claims.  Defendants further admit that on August 19, 2004, the Board of Patent Appeals and Interferences reversed the Patent Office Examiner's rejection.

15.    NMT admits that it issued a press release containing the quoted text on September 7, 2004.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.    Denied.

18.    Defendants admit that AGA has contended that the claims of the '420 Patent are not infringed by AGA.  Defendants deny that AGA's contention has any merit, and otherwise deny the allegations contained in paragraph 18.

2

19.    Defendants admit that AGA contends that the claims of the '420 Patent are invalid, unenforceable, or void. Defendants deny that AGA's contention has any merit, and otherwise denies the allegations contained in paragraph 19.

    a.    Denied.

    b.    Denied.

    c.    Denied.

    d.    Denied.

    e.    Denied.

    f.    Denied.

    g.    Denied.

    h.    Denied.

    i.    Denied.

    j.    Denied.

20.    Defendants admit that AGA has contended that the claims of the '420 Patent are not infringed by AGA. Defendants deny that AGA's contention has any merit, and otherwise denies the allegations contained in paragraph 20.

21.    Denied.

22.    Defendants admit that 35 U.S.C. § 305 states in part "[n]o proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding under this chapter." Defendants otherwise deny the allegations contained in paragraph 22.

23.    Denied.

PRAYER

Defendants deny any and all allegations contained in AGA's Complaint that Defendants have not expressly admitted herein, and deny that AGA is entitled to the relief it requested. Defendants expressly reserve the right to amend this Answer.

WHEREFORE, Defendants respectfully request that the Court:

3

(a)     Enter a judgment in favor of Defendants and against AGA on all counts in AGA's Complaint;

(b)     Dismiss AGA's Complaint with prejudice;

(c)     Award Defendants their reasonable attorneys' fees, costs, and expenses incurred in defending against AGA's Complaint; and

(d)     Award Defendants such other relief as the Court deems just and proper.


Dated:  October 13, 2005                   /s/ Charles H. Sanders
                                           Robert E. Hillman (BBO# 234820)
                                           Charles H. Sanders (BBO# 646740)
                                           FISH & RICHARDSON P.C.
                                           225 Franklin Street
                                           Boston, MA  02110-2804
                                           (617) 542-5070 Telephone
                                           (617) 542-8906 Facsimile

                                           Attorneys for Defendants
                                           Nitinol Medical Industries Inc. and Lloyd A.
                                           Marks

21115166.doc

4